UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

HUTZLER MANUFACTURING COMPANY, INC.          :

              Plaintiff,          :          **COMPLAINT**

         -against-          :

BRITE CONCEPTS INC. AND LAMI PRODUCTS, INC.,          :          14 Civ.

             Defendants.          :

------------------------------------------------------------- X

Plaintiff Hutzler Manufacturing Company, Inc. ("Hutzler"), for its complaint
against defendants Brite Concepts Inc. ("Brite Concepts") and LaMi Products, Inc. ("LaMi")
alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for injunctive relief and damages for counterfeiting and
trademark infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), unfair
competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for common
law trademark infringement, unfair competition, and tortious interference under New York law.

## THE PARTIES

2.     Plaintiff Hutzler is a corporation organized and existing under the laws of
the State of New York.  Hutzler does business in this judicial district.

3.     On information and belief, defendant Brite Concepts is a corporation
organized and existing under the laws of the state of Delaware, with a principal place of
business in Minnesota.  On information and belief, Brite Concepts imports and distributes the
products at issue in this judicial district.

4.     On information and belief, defendant LaMi is a corporation organized and existing under the laws of the state of Pennsylvania.  On information and belief, LaMi imports and distributes the products at issue in this judicial district.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.     This Court has personal jurisdiction over defendants because defendants continuously and systematically conduct business within the State of New York.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because on information and belief, defendants have engaged in the complained-of acts of infringement in this judicial district.

## PRELIMINARY STATEMENT

8.     This is an action to enforce and protect Hutzler's valuable intellectual property rights.  Plaintiff is a manufacturer and distributor of housewares; the products at issue in this case are plastic containers, used for storing and preserving fruits, that bear the TOMATO SAVER mark.  Defendants Brite Concepts and LaMi have adopted Hutzler's exact trademark to identify what can only be described as a knock-off food storage container.  Defendants' conduct constitutes trademark infringement, counterfeiting, unfair competition, and tortious interference with business.

## FACTUAL BACKGROUND

### Hutzler's Business

9.     Hutzler, a manufacturer and distributor of housewares, has been family owned and operated since 1938.

10.     Since its inception, Hutzler has been a pioneer in the housewares industry. For example, in the 1960s, Hutzler began molding cooking and serving utensils with MeLaMine, the highest quality plastic available. In the 1970s, Hutzler pioneered the manufacture of fiberglass-reinforced nylon utensils. In the 1980s, Hutzler began manufacturing unique, innovative baking gadgets.

11.     Over the past decade, the housewares industry has seen a major shift in structure. There has been tremendous consolidation among retailers and many of the smaller players have gone out of business. Many of Hutzler's customers have also become its "competitors" in the direct importation of products. While Hutzler was one of the first in the industry to secure the sourcing of products overseas, today many of Hutzler's customers have the same ability due to globalization. This has caused Hutzler to take strategic steps and make targeted investments to move up the innovation ladder in order to compete.

12.     In particular, Hutzler has had to develop new and unique products itself (or innovate in the use of packaging), instead of relying on its manufacturing partners or selling "knock-off" products, as many importers now do. Hutzler now focuses on designing products that are unique in features and/or design, and it has taken steps to protect these innovations through the use of utility and design patents and through its use of trademarks to identify the source of its goods. Nearly all of the company's revenue growth comes from new products.

13.     In 2005, Hutzler introduced a line of products used for storing and preserving various types of produce. This line of plastic products is called the "Food Saver Line." The Food Saver Line contains an array of food storage containers, including the Tomato Saver. The Tomato Saver bears the TOMATO SAVER mark.

14.     Designing these products was not an easy task. Each product had its own design challenges and the design process itself was an expensive and time-consuming endeavor. A great deal of time and money was spent working with product development consultants and 3D designers/model-makers. Each product went through numerous iterations before arriving at its final design. The process took between six and twelve months for each Food Saver product.

15.     Hutzler's Food Saver Line has quickly become the company's most popular product line. The products in Hutzler's Food Saver Line sell for between $2.99 and $3.99 each. Sales of products in the Food Saver Line represent approximately 25 percent of Hutzler's domestic sales, and the Tomato Saver is one of Hutzler's best-selling products.

**Hutzler's TOMATO SAVER Trademark**

16.     On May 18, 2010, Hutzler filed a trademark application with the PTO for the trademark TOMATO SAVER for International Class 021 for "Containers for household or kitchen use; Containers for household use; Household containers for foods; Plastic storage containers for household or domestic use; Plastic storage containers for household use; Portable plastic containers for storing household and kitchen goods; Servingware for serving food."

17.     On December 7, 2010, the PTO issued Registration No. 3,886,427 for the TOMATO SAVER trademark (the "TOMATO SAVER Mark") with Hutzler as the owner. Attached hereto as Exhibit 1 is a true and correct copy of the registration certificate for the TOMATO SAVER Mark. Hutzler is the owner of the entire right, title, and interest in and to the TOMATO SAVER Mark which is in full force and effect.

18.     Hutzler also owns valid common law trademark rights in TOMATO SAVER. By virtue of its adoption and continuous use in commerce since 2007, Hutzler's

TOMATO SAVER trademark has become firmly established in the minds of actual and

potential customers nationwide as distinctly identifying Hutzler's plastic storage containers,

and this occurred long before Brite Concepts and LaMi began selling their plastic storage

container products.  Hereinafter, Hutzler's federal and common law TOMATO SAVER

trademarks are individually and collectively referred to as Hutzler's "TOMATO SAVER

Trademarks."

## Defendants' Acts of Counterfeiting, Trademark Infringement, Unfair Competition, and Tortious Interference With Business

19.    As explained in more detail below, defendants have engaged in acts of

trademark infringement, counterfeiting, unfair competition, and tortious interference with

business.  Defendants have misappropriated Hutzler's protected trademarks to exploit the good

will and reputation of Hutzler with the intent to sow confusion between the two companies'

products.  These acts of infringement also constitute counterfeiting, unfair competition, and

tortious interference with business.

20.    On information and belief, defendant Brite Concepts imports household

products manufactured from Asia into North America, where it distributes them.

21. On information and belief, defendant LaMi is a distributor and a clip-strip/

J hook supplier of household products.  On information and belief, LaMi bought the products

bearing the infringing TOMATO SAVER Trademarks from Brite Concepts, and distributed

them to stores in this judicial district, including A&P, Waldbaum's, Pathmark, and SuperFresh

Supermarkets.  In addition, LaMi distributed products bearing the infringing TOMATO

SAVER Trademarks to Tops Markets, LLC.  Hutzler has also sold its Tomato Saver products to

these stores.

22.    Brite Concepts and LaMi have branded their tomato container with the TOMATO SAVER trademark.

23.    Brite Concepts and LaMi are not affiliated with Hutzler and have never been licensed or otherwise authorized by Hutzler to use its TOMATO SAVER Trademarks.

24.    Brite Concepts' and LaMi's misappropriation of Hutzler's TOMATO SAVER Trademarks commenced over four years after Hutzler began using its Trademarks and after Hutzler had obtained a federal registration for its Mark on the Principal Register.  That registration provides Hutzler with nationwide exclusive use to that Mark and any confusingly similar trademarks.

25.    Finally, Brite Concepts and LaMi knowingly, willfully, and wrongfully interfered with the relationship between Hutzler and its customers by selling or offering to sell containers bearing infringing trademarks to Hutzler's customers either (a) without notifying such customers that the infringing containers infringed certain trademark registrations held by Hutzler, or (b) falsely representing that such infringing containers did not infringe such trademarks.

## The Parties' History

26.    In or about April of 2014, Hutzler learned that Brite Concepts and LaMi were selling a knock-off version of Hutzler's Tomato Saver, which was labelled with Hutzler's protected TOMATO SAVER Trademarks.

27.    On April 30, 2014, Hutzler sent a cease and desist letter to Brite Concepts, demanding that Brite Concepts stop selling the infringing version of the Tomato Saver.

28.    On May 9, 2014, Michael G. Sehl, the President of Brite Concepts, stated via electronic mail that he received Hutzler's cease and desist letter, and that Brite Concepts would

immediately cease and desist any further use of the TOMATO SAVER designation on both packaging and on its website.

29.     On May 9, 2014, Hutzler responded to Mr. Sehl's email, demanding an accounting for all past sales of any products bearing the TOMATO SAVER Trademarks.

30.     On May 27, 2014, Hutzler sent another cease and desist letter to Brite Concepts, demanding that Brite Concepts stop selling the infringing version of the Tomato Saver.

31.     On May 27, 2014, Hutzler sent a cease and desist letter to LaMi, demanding that LaMi stop selling the infringing version of the Tomato Saver.

32.     On or about June 6, 2014, Brite Concepts responded to Hutzler's May 27, 2014 letter, stating that it would cease using the mark TOMATO SAVER on food storage containers.

33.     In addition, LaMi verbally indicated that it would recall its products containing the infringing TOMATO SAVER mark from Tops Markets, LLC.

### Defendants' Actions Will Cause a Likelihood of Confusion

34.     Brite Concepts' and LaMi's actions have caused a likelihood of consumer confusion or mistake, and have misled and deceived consumers, as to the source, origin, connection, affiliation, sponsorship, or approval of Brite Concepts' and LaMi's goods, and have diverted sales intended for Hutzler to Brite Concepts' and LaMi's competing goods.

35.     Brite Concepts' and LaMi's unauthorized sales, marketing, and advertising using Hutzler's protected TOMATO SAVER Trademarks has misled consumers into mistakenly believing that Brite Concepts' and LaMi's goods are owned, authorized, or approved by, or affiliated with Hutzler.

36.     First, Hutzler's Trademarks are strong and are therefore entitled to protection.  Second, Brite Concepts' and LaMi's infringing marks are identical in appearance, sound, and meaning to Hutzler's Trademarks.  Third, Hutzler's products and Brite Concepts' and LaMi's products directly compete with each other.  Fourth, consumer confusion has occurred and will occur if Brite Concepts and LaMi continue to use their infringing marks. Fifth, Brite Concepts and LaMi adopted their infringing marks in bad faith in order to exploit the good will and reputation of Hutzler with the intent to sow confusion between the two companies' products.  Sixth, Brite Concepts' and and LaMi's products are clearly inferior to Hutzler's and are more cheaply manufactured than Hutzler's.  Finally, because these products are priced so inexpensively, consumers are generally less careful in making a purchase, and are more likely to be confused by identical marks.

37.     As a result of Brite Concepts' and LaMi's conduct, Brite Concepts and LaMi have profited because of their use of trademarks that infringe upon Hutzler's Trademarks.

38.     As a result of Brite Concepts' and LaMi's conduct, Brite Concepts and LaMi have been unjustly enriched because of their use of trademarks that infringe Hutzler's Trademarks.

## COUNT I
## Federal Counterfeiting – TOMATO SAVER

39.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 37 above.

40.     Hutzler continues to use its TOMATO SAVER federally registered trademark in connection with its advertising and sale of plastic storage containers.

41.     Brite Concepts and LaMi have used their infringing "Tomato Saver" trademark in a manner that is identical to, or substantially indistinguishable from, Hutzler's

TOMATO SAVER federally registered trademark, registered on the Principal Register of the PTO in advertising and sale of plastic storage containers.

42.    Brite Concepts' and LaMi's use of their infringing Tomato Saver trademark has caused and will cause a likelihood of confusion, mistake, and deception with Hutzler's federally registered TOMATO SAVER trademark on the Principal Register by creating the false and misleading impression that Brite Concepts' and LaMi's goods are connected with or affiliated with, or sponsored, approved, or authorized by Hutzler.

43.    Brite Concepts and LaMi have engaged in bad faith in the adoption and use of their infringing Tomato Saver trademark.

44.    Brite Concepts' and LaMi's intentional and willful use of their Tomato Saver trademark which is identical to and indistinguishable from Hutzler's TOMATO SAVER Trademark constitutes counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

45.    Hutzler has been damaged by Brite Concepts' and LaMi's counterfeiting of its TOMATO SAVER trademark, in an amount to be determined at trial.

**COUNT II**
**Federal and Common Law Trademark Infringement;**
**Federal Unfair Competition – TOMATO SAVER**

46.    Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 44 above.

47.    Hutzler owns a valid federal trademark registration for TOMATO SAVER, and continues to use its TOMATO SAVER federally registered trademark in connection with its advertising and sale of plastic storage containers.

48.    Brite Concepts' and LaMi's use of their infringing Tomato Saver mark is identical or nearly identical to Hutzler's TOMATO SAVER Trademarks.

49.    Brite Concepts' and LaMi's use of their infringing TOMATO SAVER mark for plastic storage containers is similar in appearance, sound, and meaning to Hutzler's TOMATO SAVER Trademarks for plastic storage containers.

50.    Brite Concepts' and LaMi's use of their infringing Tomato Saver mark for plastic storage containers creates the same or nearly the same commercial impression as to one or more of Hutzler's TOMATO SAVER Trademarks for plastic storage containers.

51.    Hutzler's products and Brite Concepts' and LaMi's products directly compete with each other.  In addition, Hutzler, Brite Concepts, and LaMi solicit some of the same customers and use the same or similar channels of trade to advertise their products.

52.    Brite Concepts and LaMi adopted their infringing Tomato Saver mark in bad faith in order to exploit the good will and reputation of Hutzler with the intent to sow confusion between the two companies' products.

53.    Brite Concepts' and LaMi's products are clearly inferior to Hutzler's and are more cheaply manufactured than Hutzler's.

54.    Because low cost plastic containers are priced inexpensively, purchasers are generally not careful in making a purchase.  They are more likely to be confused by similar marks.

55.    On information and belief, Brite Concepts and LaMi knew about Hutzler prior to their first use of their infringing Tomato Saver mark.

56.    Brite Concepts' and LaMi's use of Hutzler's identical TOMATO SAVER Trademarks has caused and will cause a likelihood of confusion, mistake, and deception by creating the false and misleading impression that Brite Concepts' and LaMi's goods are connected with or affiliated with, or sponsored, approved, or authorized by Hutzler.

-10-

57.     Brite Concepts' and LaMi's intentional and willful use of their infringing Tomato Saver trademark, that are identical to Hutzler's TOMATO SAVER Trademarks, will cause a likelihood of confusion, mistake, and deception by confusing consumers as to the source of the products, and constitutes infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

58.     Brite Concepts' and LaMi's intentional and willful use of trademarks that are identical, nearly identical, or similar to Hutzler's TOMATO SAVER Mark constitutes unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

59.     As a direct result of Brite Concepts' and LaMi's conduct, Hutzler has suffered damages and Brite Concepts and LaMi have obtained profits and have been unjustly enriched.

60.     Hutzler has been damaged by Brite Concepts' and LaMi's infringement and unfair competition of its TOMATO SAVER Trademarks, in an amount to be determined at trial.

## COUNT III
### Unfair Competition

61.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 59 above.

62.     Hutzler is the exclusive owner of the TOMATO SAVER Trademarks, which are affixed to the Tomato Saver.

63.     Hutzler has created the Tomato Saver through extensive time, labor, skill, and money.

64.     On information and belief, after seeing Hutzler's commercial success, Brite Concepts and LaMi used Hutzler's Trademarks in competition with Hutzler, gaining an unfair

advantage, because Brite Concepts and LaMi bore little or no burden of expense of development.

65.     By creating a product essentially identical to Hutzler's in name, Brite Concepts and LaMi have misappropriated a commercial advantage belonging to Hutzler.

66.     By taking and using Hutzler's protected trademark to compete against Hutzler, Brite Concepts and LaMi have misappropriated a commercial advantage belonging to Hutzler.

67.     Brite Concepts and LaMi have also engaged in bad faith misappropriation of the labors of Hutzler which has caused and is likely to cause confusion, or to deceive purchasers as to the origin of the goods.

68.     Brite Concepts' and LaMi's actions have caused significant commercial damage to Hutzler.

69.     Brite Concepts' and LaMi's acts have been intentional, willful, and in conscious disregard of Hutzler's rights, entitling Hutzler to the remedies provided under New York law.

## COUNT IV
## Tortious Interference With Business

70.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 68 above.

71.     On information and belief, at the time it sold or offered for sale their containers bearing the infringing Tomato Saver mark, Brite Concepts and LaMi knew that Hutzler was selling the Tomato Saver bearing the TOMATO SAVER Trademarks to customers within the United States.

72.     On information and belief, at the time it sold or offered for sale the containers bearing the infringing Tomato Saver trademark, Brite Concepts and LaMi had notice and actual knowledge that the TOMATO SAVER Trademarks were subject to trademark registrations issued to Hutzler by the PTO.

73.     On information and belief, Brite Concepts and LaMi knowingly, willfully, and wrongfully interfered with the relationship between Hutzler and its customers by selling or offering to sell containers bearing infringing trademarks to Hutzler's customers either (a) without notifying such customers that the infringing containers infringed certain trademark registrations held by Hutzler, or (b) falsely representing that such infringing containers did not infringe such trademarks.

74.     Brite Concepts and LaMi, through their tortious actions, directly and proximately harmed Hutzler by causing Hutzler's customers to cease doing business with Hutzler.

**WHEREFORE**, plaintiff Hutzler demands judgment against defendants Brite Concepts and LaMi as follows:

(1)     Adjudging that defendants' use of the TOMATO SAVER name constitutes counterfeiting;

(2)     Adjudging that defendants' counterfeiting was willful and deliberate, and deeming this case exceptional under 35 U.S.C. § 285;

(3)     Adjudging that defendants' use of the TOMATO SAVER name constitutes trademark infringement and unfair competition;

(4)     Adjudging that defendants' trademark infringement and unfair competition was willful and deliberate, and deeming this case exceptional under 35 U.S.C. § 285;

(5)     Adjudging defendants to have engaged in unfair competition with Hutzler;

(6)     Adjudging defendants to have tortiously interfered with Hutzler's business;

(7)     Ordering that defendants expressly abandon any trademark, trade name, or business name filings or registrations that comprise or include the terms TOMATO SAVER which it has made or secured;

(8)     Awarding Hutzler statutory damages in connection with Counts I and II for defendants' intentional and willful violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117;

(9)     Awarding Hutzler statutory damages in connection with Count II for defendants' intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

(10)    Awarding Hutzler damages in connection with Counts II through IV in an amount to be determined at trial;

(11)    Awarding Hutzler its costs and reasonable attorneys' fees pursuant to

15 U.S.C. § 1117;

(12)    Awarding such other and further relief as the Court deems just and proper

under the circumstances.


New York, New York
December 3, 2014

Respectfully submitted,


CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP


By:_____
          Turner P. Smith (TS 8052)
          Michael R. Graif (MG 4795)
          Nicole M. Mazanitis (NM 1983)
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Plaintiff*